be remanded to the bankruptcy court for reconsideration in light of *Patterson.*

**Clyde A. PFLUGER, Appellant,**

v.

**SOUTHVIEW CHEVROLET CO.,**
**a Minnesota Corporation,**
**Appellee.**

**No. 91–3156.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1992.

Decided June 26, 1992.

Stephen M. Meisinger, West St. Paul, Minn. (argued), for appellant.

Barbara J. D'Aquila, Minneapolis, Minn. (argued), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Clyde A. Pfluger appeals from the district court's [1] grant of summary judgment in favor of Southview Chevrolet Co. (Southview) on his claims of defamation and age discrimination. We affirm.

Southview hired Pfluger as a radiator repairman in 1967. He worked for Southview until May 15, 1989, at which time his employment was terminated after an independent audit of Southview's records revealed that he had not completed the work he recorded on repair orders for several vehicles. The audit indicated that doors and vent windows which Pfluger had reportedly "aligned and set in-board" had not been worked on in conformity with approved warranty procedure.

---

*Patterson. Patterson,* at —— & n. 1, 112 S.Ct. at 2246 & n. 1.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

At the time of the audit, the workers at Southview were on strike. The employees returned to work on May 15, the day Pfluger was fired. Though nothing had been reduced to writing, the evidence indicates the employees returned to work pursuant to a new collective bargaining agreement. Pfluger admitted in his deposition that he knew he was returning to work on May 15 pursuant to an accepted contract, and the union steward, David Hines, also testified to that effect. When the agreement was reduced to writing on June 22, 1989, it explicitly covered the time period from May 1, 1989 through May 1, 1992.

After confirming the findings of the audit, Southview manager Chuck Evans terminated Pfluger's employment, explaining to Pfluger that the audit indicated Pfluger had not performed the work he reported on his repair orders. Pfluger alleges that at this meeting, Evans called him a "thief, liar, defrauder and cheat." This allegation forms the basis for Pfluger's defamation claim.

Though Pfluger completed a union grievance shortly after he was fired, he abandoned the grievance before submitting the form to his union steward.[2] Thereafter, Pfluger brought suit against Southview in state court six months and one week following the date of his termination. The action was subsequently removed to federal court under 28 U.S.C. § 1331 (1988), because it was determined to involve ques-

tions of federal labor law.[3] The district court granted Southview's motion for summary judgment on August 19, 1991, based upon the preemptive effect of the collective bargaining agreement and due to Pfluger's failure to present a question of fact regarding the allegedly pretextual nature of his termination.

Pfluger now argues the collective bargaining agreement was not in effect at the time of his termination, and if the agreement was in effect it did not apply to him because he was not a "working employee," and because the grievance procedure was merely "optional." If the bargaining agreement is applicable, Pfluger argues that his defamation claim is not preempted because it is not necessary to interpret the terms of the agreement in order to resolve his claim. With regard to his claim of age discrimination, Pfluger points to evidence that his work was given to younger employees after his termination and to his own affidavit which states that a fellow employee told Pfluger that he (the employee) had heard that Pfluger was fired due to his age.

■■■■ Without passing on the question of preemption,[4] we hold that Pfluger failed to present an issue of fact on either the defamation or age discrimination claim. We believe Evans' initial statement regarding the reasons for Pfluger's termination was privileged as a communication "made

---

**2.** As governed by section 8 under "Unjust Termination" of the collective bargaining agreement, the proper grievance procedure is as follows:

  If any employee believes he has been unjustly discharged he shall, within five (5) working days of such discharge file written protest with his Employer and the Union, setting forth the grounds upon which such discharge is believed to be unjust or improper, and thereupon the Union representative and the Employer shall meet and consider such discharge and the grounds therefor. If no written protest is filed by the employee within five (5) working days, such discharge or termination shall be final and conclusive, with no right of review, arbitration or appeal.

**3.** Pfluger brought suit for breach of the collective bargaining agreement and fraud as well as defamation and age discrimination. He does not appeal the court's grant of summary judgment on the first two claims.

**4.** The court granted Southview's motion for summary judgment based on its finding that the union contract was in effect and applied to Pfluger at the time of his termination. Thus, the court reasoned, Pfluger's claim of defamation is preempted by section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1988), and must be dismissed since he failed to exhaust his administrative remedies and failed to bring suit within the applicable six-month statute of limitations. *See Johnson v. Anheuser Busch, Inc.,* 876 F.2d 620, 623–24 (8th Cir.1989) (slander claim preempted where the statement "relate[d] to a dispute over an event occurring at the workplace" and therefore "[could not] be resolved without interpreting or analyzing the terms of the collective bargaining agreement.").

upon a proper occasion, from a proper motive, and ... based upon reasonable or probable cause." [5]   *See Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 256–57 (Minn.1980).   Pfluger asserts the defamatory statement was published through Evans' subsequent communication with Pfluger's fellow employee, Thomas Raschke, and by Pfluger's "compelled" self-publication.   However, no facts support this allegation: Raschke testified that Evans merely implied that three people were to be fired for submitting improper repair orders.   According to Raschke, Pfluger was the one who told him that Evans had called him (Pfluger) a thief, liar, defrauder and cheat.   Additionally, Pfluger admitted that he himself "probably told alot [sic] of people" about the allegedly defamatory statement and would voluntarily tell "anyone who asked me."   This self-publication was not "compelled" in any sense of the word.   Thus, we find no genuine issue of fact regarding a requisite element of a claim for defamation, the communication of the allegedly defamatory statement to someone other than the plaintiff, outside of a privileged situation.   *See Stuempges*, 297 N.W.2d at 255.

■ Concerning Pfluger's claim of age discrimination, we find the district court's analysis controlling.   The court determined Pfluger's evidence was insufficient to create an issue of fact regarding the allegedly pretextual nature of his termination: Pfluger's "conclusory allegation" regarding younger employees taking over his work did not create an issue of fact and Pfluger's testimony about what another employee told him amounted to inadmissible hearsay.

For the foregoing reasons, we affirm the judgment of the district court.

---

**5.**   At his deposition, Pfluger admitted he had no evidence that Evans uttered the allegedly defamatory statement with ill will or with an intent to injure.